# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Astro Systems, Inc. ) | ASBCA No. 60861 |
| ) | |
| Under Contract No. W56PFY-16-P-0037 ) | |

APPEARANCE FOR THE APPELLANT:     Mr. Ralph L. Miller
                                                                    President

APPEARANCES FOR THE GOVERNMENT:     Raymond M. Saunders, Esq.
                                                                          Army Chief Trial Attorney
                                                                          MAJ Deirdre K. Baker, JA
                                                                          Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL

Appellant seeks profit related to the repair of damage to a vehicle that appellant leased to the government. The appeal is governed by the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109.[1]

## FINDINGS OF FACT

On 5 February 2016, the government awarded to appellant, Astro Systems, Inc. (Astro), the contract referenced above, for the lease and maintenance of five pickup trucks for use in N'Djamena, Chad (R4, tab 1 at 1, 3). On 20 June 2016, Astro submitted a claim to the contracting officer requesting $1,740 for damage to one of the vehicles while in the government's possession (R4, tab 6 at 4, 15). On 10 August 2016, Astro revised the claim to request $1,658 ($1,109 in direct costs, $333 in overhead, and $216 in profit) (R4, tab 7 at 10). According to the claim, the repairs to the vehicle consisted of work to the windshield, rear view mirror, side windows, as well as cleaning of "carpeting, upholstery and dash" (id.).

---

[1] Astro elected to have the appeal processed pursuant to Board Rule 12.2; consequently, this decision shall have no value as precedent and in absence of fraud, shall be final and conclusive and may not be appealed or set aside. Board Rule 12.2(d). In *Astro Systems, Inc.*, ASBCA Nos. 60769, 60781, 17-1 BCA ¶ 36,598, we denied appeals concerning Astro's similar claims under two other vehicle lease contracts.

On 29 August 2016, the contracting officer issued a final decision awarding $1,439.46, denying the request for $216 in profit (R4, tab 8 at 3). On 1 November 2016, Astro timely filed its appeal from the decision, seeking $216 in profit (R4, tab 10 at 6).

## DECISION

Astro fails to demonstrate that its contract requires the government to pay profit on repairs to the damaged vehicle. Astro points out that profit motivates a contractor to perform a contract (app. br. at 5), and we do not disagree.[2] However, here, the contract is for the lease and maintenance of vehicles, not their repair. Indeed, Astro does not contend that any of the repairs consists of the vehicle "maintenance" that the contract requires it to provide. Astro cites *New York Shipbuilding Co.*, ASBCA No. 16164, 76-2 BCA ¶ 11,979 (app. br. at 5), for the statement that "[w]ithout the payment of a profit which is fair under the circumstances, the Government would be getting something for nothing and the contractor would not truly be made whole." *Id.* at 57,427. However, there the Board was addressing contract changes that "[took] place and were performed." *Id.* Astro does not point to any changes to its contract; indeed, there is no indication that the contract or the government required Astro to repair the damaged vehicle. Presumably, had Astro decided not to repair the damaged vehicle, and provided another suitable vehicle for the government's use, Astro would have satisfied its obligations under the contract, and the government could not have insisted upon the vehicle's repair. Under the circumstances of this appeal, if the government paid profit (that is, more than the cost of repairing the vehicle, including overhead) it would be getting nothing in return, resulting in a windfall to Astro.

The appeal is denied.

Dated: 15 February 2017

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

---

[2] In support of its point, Astro cites Federal Acquisition Regulation 15.404-4(a)(3), but does not demonstrate that the regulation is a part of its contracts.

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60861, Appeal of Astro Systems, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3